UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GOSHERT ENTERPRISES, INC., | ) | |
| dba BIZWARE SOLUTIONS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:03cv0139 AS |
| | ) | |
| SILVEUS INSURANCE GROUP, INC., | ) | |
| STEVE SILVEUS INSURANCE | ) | |
| AGENCY, INC., | ) | |
| STEVE SILVEUS INSURANCE, INC., | ) | |
| STEVEN R. SILVEUS, | ) | |
| SCOTT SILVEUS INSURANCE, INC., | ) | |
| SCOTT SILVEUS, | ) | |
| SILVEUS CROP INSURANCE, INC., | ) | |
| JAMES CAMERON SILVEUS, | ) | |
| SILVEUS ENTERPRISES, INC., | ) | |
| TYLER SILVEUS, | ) | |
| R. J. SWANSON, INC., | ) | |
| RANDOLPH J. SWANSON, | ) | |
| APPLIED SOLUTIONS, INC., | ) | |
| MICHAEL W. COCKS, | ) | |
| C. M. McCRAY, INC., | ) | |
| CHRISTIAN McCRAY, | ) | |
| | ) | |
| Defendants | ) | |

*MEMORANDUM, OPINION, AND ORDER*

This matter is before the Court on Defendants,' Silveus Insurance Group, Inc.,

Steve Silveus Insurance Agency, Inc., Steve Silveus Insurance, Inc., Steven R. Silveus,

Scott Silveus, Silveus Crop Insurance, Inc., James Cameron Silveus, Silveus Enterprises,

Inc., Tyler Silveus, R.J. Swanson, Inc., Randolph J. Swanson, Applied Solutions, Inc.,

Michael W. Cocks, C.M. McCray, Inc., and Christian McCray, (hereinafter referred to as "Silveus Defendants") Second Motion for Summary Judgment (Docket No. 178) and the Silveus Defendants' Rule 56 Motion to Strike Portions of Plaintiff's Designated Evidence (Docket No. 185).  This matter is also before the Court on Plaintiff's, Goshert Enterprises, Inc. d/b/a BizWare Solutions, (hereinafter referred to as "Goshert"), Motion for Partial Summary Judgment (Docket No. 181) and Goshert's Motion in Opposition to Defendants' Motion to Strike (Docket No. 189).

This case has now been on file since on or about February 20, 2003, more than three years.  The docket sheet is thirty-nine (39) pages long and contains 194 items.  This case has required and received an abundance of judicial attention.  This Court has jurisdiction over this case on the basis of federal question jurisdiction pursuant to 17 U.S.C. § 101 *et seq*. dealing with copyright infringement.  The Court heard oral arguments in South Bend, Indiana on November 14, 2005.  At that hearing, this Court set forth a schedule for the filing and responding to motions for summary judgment.  As a result of that schedule, the above-mentioned motions for summary judgment and stipulations have been filed, and the parties have fully briefed the issues before the Court.

For the reasons discussed below, the Defendants' Motion to Strike (Docket No. 185) is **DENIED** and Plaintiff's Motion in Opposition to Defendants' Motion to Strike (Docket No. 189) is moot.  The Plaintiff's Motion for Partial Summary Judgment (Docket No. 181) is **DENIED**, and Defendants' Second Motion for Summary Judgment (Docket

No. 178) is **GRANTED**.

## I.  Procedural History and Factual Background

This complaint and case deal with the development and ownership of certain software, MPCI Comp 2001/2002 and Crop Quote.  The Plaintiff maintains that it owns MPCI Comp 2001/2002 and further maintains that the Silveus Defendants used that software after termination of any applicable licensing agreement.  According to the Plaintiff, this constitutes copyright infringement, tortious interference with business and contractual relations, breach of contract, and a violation under the Lanham Act.  This Court is now aware that claims and issues were resolved in a judgment in the Kosciusko Circuit Court in Warsaw, Indiana on February 2, 2006.  Certainly the parties to this case that were also the parties to the case in the Kosciusko Circuit Court are bound by that judgment until it is reversed or disturbed on appeal.  The remaining Defendants also benefit from that state court decision.  *See Biggs v. Marsh*, 446 N.E.2d 977 (Ind. App. 1983); *Mayhew v. Deister*, 144 Ind. App. 111, 244 N.E. 2d 448 (1969).  *See also Town of Flora v. Indiana Service Corp.*, 222 Ind. 253 (1944) (holding that when claim preclusion applies, all questions which were within the issues are presumed to be litigated, and no further actionable between the parties, or their privies, will be permitted).

## II.  Motion to Strike Analysis

Before the Court can rule on Defendants' Second Motion for Summary Judgment or Plaintiff's Motion for Partial Summary Judgment, it must address Defendants' Rule 56

Motion to Strike and Plaintiff's Motion in Opposition to Defendants' Motion to Strike. On March 31, 2006, the Defendants filed their Motion to Strike, pursuant to N.D. Ind. L.R. 7.1 and 56.1(d).  Specifically, the Defendants requested that this Court strike portions of Plaintiff's designation of materials in support of Plaintiff's Motion for Partial Summary Judgment (Docket No. 181).  Defendants assert that the depositions of Richard D. Goshert and Richard P. Schaar are inadmissible because they contain statements that are irrelevant, misleading, and lack foundation.  On April 17, 2006, the Plaintiff filed its Objection to Defendants' Motion to Strike.

When determining whether to grant a motion for summary judgment, the court may consider evidence beyond the pleadings, but may only consider evidence which would be otherwise admissible at trial. *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2000); *See also Whitted v. General Motors Corp.*, 58 F.3d 1200, 1204 (7th Cir. 1995); *Oriental Health Spa v. City of Fort Wayne*, 864 F2d 486, 490 (7th Cir. 1988).  When evidence is offered through exhibits on a summary judgment motion, those exhibits "must be identified by affidavit or otherwise be admissible."  *Powers v. Dole*, 782 F.2d 689, 696 (7th Cir. 1986). In *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, the Court stated, the "evidence need not be admissible in form (for example, affidavits are normally not admissible at trial), but it must be admissible in content."  301 F.3d 610, 613 (7th Cir. 2002); *See Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994).

Before evidence may be admitted, it must be authenticated.  Federal Rule of Evidence 901(a) states, "[t]he requirement of authentication or identification as a

4

condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In *United States v. Brown*, the 7th Circuit stated, "[a]uthentication relates only to whether the documents originate from [their alleged source]; it is not synonymous to vouching for the accuracy of the information contained in those records. 688 F.2d 1112, 1116 (7th Cir. 1982); *See Hood v. Dryvit Systems, Inc.*, No. 04-CV-3141, 2005 WL 3005612, *3 (7th Cir. Nov. 8, 2005).

To be admitted, the evidence must also be relevant. Federal Rule of Evidence 401 states that relevant evidence is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

This Court has reviewed the arguments presented in Defendants' Brief in Support of Motion in Limine (Docket No. 146) and Defendants' Brief in Support of Silveus Defendants' Second Motion for Partial Summary Judgment filed March 1, 2006, as well as Plaintiff's Objection to Defendants' Motion to Strike, in light of the appropriate standards of admissibility. The Defendants' Motion to Strike is hereby **DENIED**. It needs to be understood that a very considerable amount of water has already fallen over the judicial dam in this case since its memorandum and order of July 1, 2004. The most important and significant historic event since then is certainly the decision of the Kosciusko Circuit Court. The time has come to bring this litigation to an appropriate conclusion and Rule 56 is precisely the vehicle to do that on the present state of the record.

5

### III.  Summary Judgment Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)*;  Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998).  After affording the parties adequate time for discovery, a court must grant summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor.  *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998), *reh'g denied*.  A question of material fact is a question which will be outcome-determinative of an issue in the case.  The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue.  *Anderson*, 477 U.S. at 248.  The moving party may discharge this initial burden by demonstrating that there is insufficient evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325.  The moving party may also choose to support its motion for summary judgment with affidavits and other admissible material, thereby

6

shifting the burden to the nonmoving party to demonstrate that an issue of material fact exists.  *Steen,* 2006 WL 335521 at *1 (7th Cir. Feb. 13, 2006); *See Kaszuk v. Bakery & Confectionary Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).  The nonmoving party cannot rest on its pleadings, *Weicherding v. Riefel,* 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920-21 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits.  *Smith v. Shawnee Library* Sys., 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Bombard v. Fort Wayne Newspapers, Inc*., 92 F.3d 560 (7th Cir. 1996).  However, the plaintiff must do more than raise a "metaphysical doubt" as to the material facts.  *Matsushita*, 475 U.S. at 577; 106 S. Ct. at 1351.  Rather, he must come forward with "specific facts" showing that there is a genuine issue for trial.  *Id.* at 587 (*quoting* FED. R. CIV. P. 56(e)).  Furthermore, the court is required to analyze summary judgment motions under the standard of proof relevant to the case or issue.  *Anderson*, 477 U.S. at 252-55. In other words, a party's evidence must be "competent evidence of a type otherwise admissible at trial."  *Steen,* 2006 WL 335521, at *2; *quoting Bombard*, 92 F.3d at 562.

### IV.  Motion for Summary Judgment Analysis

Applying the above standard, this Court addresses Defendants' Second Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. Since the best

defense is a good offense, the Plaintiff filed its Motion for Partial Summary Judgment. However, try as they will, and looking at it generously in their favor, the Plaintiff simply cannot overcome the effects and implications of the judgment and findings thereon in the Kosciusko Circuit Court.  Although dealing primarily with state law issues, the aforesaid decision of the Kosciusko Circuit Court cuts a large gap in the federal claims made by the Plaintiff in this case.

The Defendants here are correct that collateral estoppel applies.  In *Allen v. McCurry*, 101 S.Ct. 411 (1980), the Supreme Court stated:

> In recent years, this Court has reaffirmed the benefits of collateral estoppel in particular, finding the policies underlying it to apply in contexts not formerly recognized at common law. Thus, the Court has eliminated the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal-court suits, *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, and has allowed a litigant who was not a party to a federal case to use collateral estoppel "offensively" in a new federal suit against the party who lost on the decided issue in the first case, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552.  But one general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case. *Montana v. United States*, *supra*, at 153, 99 S.Ct., at 973; *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, *supra*, 402 U.S., at 328-329, 91 S.Ct., at 1443.
>
> The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts. *E. g., Montana v. United States*, supra; *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. Thus, res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system. *See Younger v. Harris*, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669.

*Allen*, 101 S.Ct. at 415 (footnotes omitted). *See also Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502 (7th Cir. 1994).

Here, the parties involved had a full and fair opportunity to litigate these issues in the Kosciusko Circuit Court, and collateral estoppel prevents the parties from relitigating those issues already decided in state court. *Allen*, 101 S.Ct. at 411. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts generally adhere to the related doctrines of collateral estoppel and res judicata); *Alsup v. Spratt*, 577 F.Supp. 557 (N.D. Ind. 1983) (holding that when an issue is adjudicated in one court and then subsequently put to issue in different cause of action with the same parties or parties in privy with them, collateral estoppel applies and the former adjudication is binding); *Sullivan v. American Casualty Co. of Reding, Pa.*, 605 N.E. 2d 134 (Ind. 1992) (holding that, in Indiana, privity and mutuality are not longer required for collateral estoppel to apply and that the first adjudication is conclusive even if the second action is on a different claim). *See also Feist Publication, Inc. v. Rural Telephone Svc. Co., Inc.*, 499 U.S. 340 (1991).

This court cannot here gainsay the decision of the Kosciusko Circuit Court regarding the ownership of the software. This Court has no intention of retrying the case tried in the Kosciusko Circuit Court, and that is in effect what the plaintiff is trying to do in its motion for summary judgment. Therefore, the Plaintiff's request for summary judgment with regard to counter-claims VI, VII and VIII has already been litigated in the Kosciusko Circuit Court and the Defendants are entitled to make use of affirmative estoppel there also. When it is all shaken out and the massive record in this case is closely

examined under the mandates of Rule 56 of the Federal Rules of Civil Procedure, it is deemed here that these Defendants, with regard to the claims in the Plaintiff's complaint are entitled to summary judgment as a matter of law.

## V. Conclusion

Based on the foregoing, the Defendants' Motion to Strike (Docket No. 185) is **DENIED** and Plaintiff's Motion in Opposition to that Motion to Strike (Docket No. 189) is moot.  The Plaintiff's Motion for Partial Summary Judgment (Docket No. 181) is **DENIED**, and Defendants' Second Motion for Summary Judgment (Docket No. 178) is **GRANTED**.  With this decided, the array of remaining motions are moot.  Each party will bear its own costs.

**IT IS SO ORDERED**.

**DATED: April   28  , 2006**

                                                    **S/ ALLEN SHARP**
                                                    **ALLEN SHARP, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**